OPINION
{¶ 1} Appellant Douglas C. Bolds appeals his conviction and sentence for domestic violence in the Stark County Court of Common Pleas. The Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 25, 2001, appellant picked up his wife, Crystal Bolds, at a female friend's house where she had been staying for couple of days. Once inside the minivan, a discussion ensued in which appellant accused Crystal of infidelity. According to Crystal, appellant slapped her twice about the face, resulting in blood flowing from her nose. Appellant drove the van to a gas station and told Crystal to clean up her bloody nose in the restroom. After Crystal re-entered the van, appellant drove to the Lane Motel in Perry Township. Once inside his motel room, appellant again began slapping Crystal, who at one point was pulled back into the room after trying to get away.
 {¶ 3} Appellant thereafter ordered Crystal and their daughter back into the van. Crystal decided to escape with the girl once appellant stopped the vehicle. Crystal later testified that as she ran to a nearby house for safety, appellant followed, swinging a tire iron and threatening to kill her. The owner of the house, Marijeane Simmons, came to the door and let Crystal and the girl inside. Crystal was crying and informed Simmons that her husband was trying to kill her. Police were summoned, and the responding officer took photographs of Crystal's injuries.
 {¶ 4} The Stark County Grand Jury subsequently indicted appellant on one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fifth degree. The case proceeded to a jury trial on January 22-23, 2002. Appellant was found guilty of domestic violence. The trial court sentenced appellant to twelve months' incarceration, the maximum term of imprisonment for the offense.
 {¶ 5} Appellant timely appealed and herein raises the following two Assignments of Error:
 {¶ 6} "I. APPELLANT'S MAXIMUM SENTENCE WAS CONTRARY TO THE PURPOSES AND PROCEDURES OF OHIO REVISED CODE SECTION 2929.14(C).
 {¶ 7} THE VERDICT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I. {¶ 8} In his first Assignment of Error, appellant argues the trial court erred in failing to meet statutory prerequisites for imposing the maximum sentence on his domestic violence conviction. We disagree.
 {¶ 9} R.C. 2929.14(C) sets forth the following conditions under which a trial court may impose a maximum sentence: "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." We read this statute in the disjunctive. See State v. Comersford (June 3, 1999), Delaware App. No. 98CA01004, unreported, at 2. Consequently, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply.
 {¶ 10} The transcript of the sentencing portion of the case sub judice this reveals that appellant has had nine domestic violence convictions, commencing in 1987. His history also includes a conviction in 1990 for receiving stolen property, a conviction in 1991 for two counts of drug abuse, a conviction in 1993 for grand theft, and a conviction in 1996 for trafficking in cocaine. Upon considering this history, the trial court specifically noted the past incidents of physical harm, the past prison terms and the physical harm or attempted physical harm in the present case. Tr. at 333. The trial court then made the following finding regarding appellant's likelihood of committing future crimes: "The recidivism factor, given the record of the Defendant and the pattern of his conduct, shows that recidivism is very likely to occur and therefore that also argues in favor of imposing the maximum sentence." Tr. at 334.
 {¶ 11} We find that the aforesaid sentencing language by the trial court is sufficient to meet the mandates set forth in R.C. 2929.14(C). Cf. State v. Klink (Oct. 11, 2000), Richland App. No. 00-CA-16. Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 12} In his second Assignment of Error, appellant contends that the verdict was against the manifest weight of the evidence, and that there was insufficient evidence to support the conviction as charged. We disagree.
 {¶ 13} In considering an appeal concerning the sufficiency of the evidence, our standard of review is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 259, 273. The statute in question, R.C.2919.25(A), states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." The state's case in chief consisted of testimony by Crystal, homeowner Simmons, and Canton police officer Jerry Fuelling. In addition, the Stark County Clerk of Courts, Phil Giavasis, was called to verify that appellant had a prior domestic violence conviction in 1996. Viewing the evidence in a light most favorable to the prosecution, as recited in part above in our statement of the facts and case, we find reasonable jurors could have found that appellant caused or attempted to cause physical harm to his wife, Crystal, beyond a reasonable doubt.
 {¶ 14} However, the main thrust of appellant's arguments goes to the issue of manifest weight of the evidence. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine, "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 15} In support of his position, appellant cites what he contends are contradictory elements of the state's case. For example, he claims that Crystal's version of being chased with a tire iron is at odds with Simmons' testimony that it took more than thirty seconds for her to answer the door. Appellant also argues that Crystal's facial injuries are inconsistent with being struck while seated inside a vehicle. Finally, he questions Crystal's recollection of the incident at the Lane Motel, when she also testified that the police told her no record was found of appellant registering at the motel. Tr. at 167. However, based on our review of the record, we are unpersuaded that the jury lost its way and created a manifest miscarriage of justice. In light of Crystal's professed desire to protect her daughter at the time and the ambulatory nature of the events involved in the facts and circumstances of the case, we conclude the alleged evidentiary inconsistencies do not warrant the exceptional result of a reversal for a new trial. Martin, supra.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Boggins, J., concur.